# Richmond

GLADYS S. LLOYD, ADMINISTRATRIX, ETC. v. STEVEN
RALPH ANDREWS.

March 12, 1951.

Record No. 3757.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*J. Donald Richards,* for the plaintiff in error.

*Wallace N. Tiffany,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Robert Clayton Lloyd, plaintiff's decedent, was struck by an automobile driven by the defendant, Andrews, and died two days later as a result of his injuries. His administratrix brought this action alleging that his death was caused by the defendant's negligence. A jury returned a verdict for the defendant, on which the court entered judgment. On this appeal the plaintiff alleges that the verdict was contrary to the evidence and that the court gave a wrong instruction.

The accident happened about 7:00 p.m., December 20, 1948, in the village of Paris, Fauquier county, on U. S. Highway No. 50, which runs through the village in an east and west direction. The highway is straight for several hundred feet each way from the point of accident and practically level. Its hard surface is 19 feet 6 inches wide, bordered by shoulders 5 feet or more in width. On the south side of the road, sitting well back, are the

store and filling station, garage and residence of a Mr. Lindsay. In the areaway in front of the store, some 15 feet from the edge of the pavement, is a post carrying six lights to light the filling station sign.

The day before the accident there had been a heavy snowfall and the highway department, in scraping it off the road and shoulders, had piled snow against the car of one George Hummer, parked on the south side of the road about 250 feet west of the Lindsay store. Calvin Willis, along with Lloyd and Hummer, took the Lindsay car to pull it out and bring it down to the Lindsay store. Willis pulled the hummer car with Hummer in it down to the store and Lloyd followed some distance behind, walking east toward the store along the south side of the road, his right-hand side, and was struck by the defendant's car about the entrance of the driveway between the Lindsay house and garage, some 50 or 60 feet west of the filling station sign post. This point was near the outside edge of the area lighted by the sign post lights.

The defendant Andrews was driving east and thus approaching Lloyd from behind, traveling not in excess of 25 miles an hour on the southern, or his right-hand, side of the road, expecting to make a right turn to Warrenton. His testimony was that he saw a man (who turned out to be Lloyd) several car lengths in front of him, walking on the shoulder of the road in the same direction he was going, and apparently in no danger from his car. He reduced his speed, he thought, and at that time a car approached him going west, the lights from which blinded him, and just as he was passing he again saw this man directly in front of his car, in the middle of his side of the road, only a few feet away. He pulled sharply to his left to avoid striking him but it was too late.

Andrews stopped his car in a few feet and Lloyd was then lying just opposite his right rear wheel, with his head and shoulders on the pavement and the rest of his body on the shoulder of the road. There was no mark on the front of the Andrews car after the accident, but there was a "brush mark" near the front of his right fender and a dent in the right side of the hood.

Plaintiff's theory of liability, as stated in her brief, is that Lloyd was never on the pavement in front of Andrews, but was struck while he was walking on the shoulder of the road, on a clear night, plainly visible to the defendant in his own

headlights and in the light from the filling station. She claims this theory is established by the absence of marks on the front of the Andrews car, the marks on its side and the position of Lloyd's body in the road. We are unable to see that this or other evidence convicts the defendant of negligence as a matter of law.

The driver of the car meeting Andrews, a Mr. McCaa, testified as a witness for plaintiff. He said he first observed the Andrews car several hundred feet away, on its right side of the road, and when he was within 45 or 50 feet of it, almost in the act of passing, he saw Lloyd for the first time, seemingly on the hard surface of the road and his immediate impression was that he would be struck. Lloyd was then closer to Andrews' car than to his. He thought that he saw Lloyd in the light from Andrews' headlights and that his own and Andrews' also were then on low beam.

While two witnesses for plaintiff testified that the right rear wheel of the Andrews car was off the edge of the pavement when it stopped, another witness for the plaintiff testified to the contrary. He was Calvin Willis, who worked in the Lindsay store and drove the car that pulled the Hummer car out of the snow and down to the Lindsay store. When he got out to unhook from the Hummer car he saw Lloyd about 75 feet back of him walking on the hard surface 12 to 16 inches from its edge. He was between the two cars at the time of the collision and did not see it but heard the impact, and as he looked the Andrews car was swerving to its left and Lloyd was falling into the side of it. He ran back and found Lloyd lying at the right rear wheel of the Andrews car with his head and shoulders on the hard surface. He stayed to direct traffic while Lloyd was carried into the Lindsay store. He testified he did not see the Andrews car off of the hard surface, and when it stopped it was entirely on the hard surface and turned across the road at about a 45° angle so as practically to block both lanes of the hard surface. Willis, McCaa and the defendant were the only witnesses who testified to seeing Lloyd from the time he left the place where the Hummer car was parked until he was struck.

It is familiar law that in view of the jury's verdict in favor of the defendant the evidence must be considered in the light most favorable to him, and if there is credible evidence to support the verdict it cannot be disturbed. Especially is this true when the verdict has been approved by the trial court. *Marks* v. *Ore,* 187 Va. 146, 152, 45 S. E. (2d) 894, 896; *Schools* v. *Walker,*

187 Va. 619, 624, 47 S. E. (2d) 418, 420; *Mauser* v. *Hebb,* 187 Va. 876, 879, 48 S. E. (2d) 257, 259; *Hooker* v. *Hancock,* 188 Va. 345, 348, 49 S. E. (2d) 711, 712.

The defendant's version was not incredible. There was substantial corroboration of it in the evidence for the plaintiff. It was supported rather than refuted by the marks on his car, its position in the road after the accident and the position of the decedent when he fell. The jury were entitled to accept it and to find therefrom that the defendant was not negligent; or if they decided that he was negligent in failing to see Lloyd or in driving off of the hard surface, they were still entitled to find that the decedent was guilty of contributory negligence barring recovery, and to base their verdict on that finding.

Admittedly, the decedent was walking on his right-hand side of the road when struck. Whether he was then on the hard surface as the defendant claims, or on the shoulder, as the plaintiff's brief, but not her evidence, asserts, he was guilty of negligence, which the jury could find to have been a contributing cause of his death. *Crouse* v. *Pugh,* 188 Va. 156, 49 S. E. (2d) 421, 4 A. L. R. (2d) 1242. The statute construed in that case (§ 2154 (126) (g), Michie's Code, 1942, as amended by Acts, 1944, ch. 388, p. 616; Code, 1950, § 46-247) was afterwards amended by Acts, 1950, ch. 433, p. 850.

The plaintiff says that assuming her decedent to have been negligent, yet the defendant had a last clear chance to avoid striking him because the night was clear, the road was straight and in the lights from the filling station and his own automobile the defendant should have seen him in time to have avoided striking him. Over the objection of the defendant the court submitted that issue to the jury in the language requested by the plaintiff in her Instruction No. 4.

At most, the liability of the defendant on that issue was for the jury and they found against her. If the decedent was walking on the shoulder, as plaintiff says in her brief, and as defendant said he was when he first saw him, the jury had a right to find that he was not then in a position of peril. If he was on the hard surface, where plaintiff's evidence placed him, and where defendant testified he saw him too late to avoid striking him, the jury could still have found that his negligence in walking there was not remote but continued as a proximate cause of the accident. *Anderson* v. *Payne,* 189 Va. 712, 54 S. E. (2d) 82; *Lanier* v. *Johnson,* 190 Va. 1, 55 S. E. (2d) 442.

The instruction which the plaintiff says was wrong was No. 9, given for the defendant, which told the jury that if Lloyd was crossing the highway at the time of the accident without using reasonable care to see that he could do so safely, he was guilty of negligence. It is not contended that the instruction did not state a correct principle, but it is argued that there was no evidence on which to base it and that there was no reason for him to cross the road, as he was returning to the Lindsay store on the same side he was walking on. Whether he had reason to do so is, of course, not controlling. The fact that the law required him to walk on the other side would have been sufficient reason. The defendant testified that he saw him on the shoulder and that for some unknown reason he left the shoulder and walked across the road until he was in the middle of the defendant's lane only a few feet in front of his car. On that evidence and the circumstances of the accident, the giving of the instruction, while not necessary, was not reversible error.

The judgment complained of is

*Affirmed.*